IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE WEAVER, o/b/o R.L.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 18-1550 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

### **Synopsis**

Plaintiff Michelle Weaver, o/b/o R.L.F., ("Weaver") applied for supplemental security income in February 2015 alleging disability beginning February 23, 2015. (R. 15)[1] The claimant testified and was represented by counsel at a hearing before an Administrative Law Judge ("ALJ"). (R. 15) Ultimately, the ALJ denied benefits and the Appeals Council denied Weaver's request for review. This appeal followed. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 11 and 13. For the reasons below, the ALJ's decision is vacated and this case is remanded for further consideration.

### **Opinion**

1. Standard of Review

---

[1] Weaver filed a previous application in August 2011 which was denied and not appealed. The onset date of the current application was amended from January 1, 2009 to February 23, 2015, the date the current application was filed. (R. 15)

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (citing *Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I

2

may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    II. <u>The ALJ's Decision</u>

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in a marked and severe functional limitation(s), and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924.

An impairment functionally equals a listed impairment if the child has "marked" limitations[2] in two domains of functioning or an "extreme" limitation[3] in one domain. 20 C.F.R. § 416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and

---

[2] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).
[3] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments: What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it." 20 C.F.R. § 416.926a(b)(2)(i)-(iv).

The ALJ denied the claim for benefits. More specifically, at step one, the ALJ found that the claimant has not engaged in substantial gainful activity since the application date. (R. 18) At step two, the ALJ concluded that the claimant suffers from the following severe impairments: asthma and attention deficit hyperactivity disorder (ADHD). (R. 18) At step three, the ALJ determined that the claimant does not have an impairment or combination thereof that meets, equals, or functionally equals the severity of one of the listed impairments. (R. 19-31)

III. Discussion

"When evaluating how a child's impairments affect his ability to function, the ALJ is required to consider how well the child can initiate, sustain, and complete his activities, including the amount of help or adaptations he needs, and the effects of structured or supportive settings." *A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 520 (D.N.J.

4

Feb. 16, 2016), *citing*, 20 C.F.R. § 416.924a(b)(5). "Because a structured setting often masks the symptoms of a disability and improves the child's ability to function within that supportive environment, the ALJ is instructed to consider the degree of limitation in functioning the child has or would have outside the structured setting." *A.B. on Behalf of Y.F.*, 166 F. Supp.3d at 520, *citing*, 20 C.F.R. § 416.924a(b)(5)(iv)(C). "That is, an ALJ cannot appropriately evaluate the effects of [a claimant's] structured setting on his ability to function without identifying the nature of his structured setting and the amount of help he receives from it." *Id., citing, Gonzalez v. Astrue*, Civ. No. 7-487, 2009 WL 4724716, at * 6-7 (N.D. N.Y. 2009). Here, Weaver contends that the ALJ failed to consider the effects of the claimant's structured setting.

> The regulations provide:
>
> (B) A structured or supportive setting may be your own home in which family members or other people … make adjustments to accommodate your impairment(s). A structured or supportive setting may also be your classroom at school, whether it is a regular classroom in which you are accommodated or a special classroom. …
>
> (C) A structured or supportive setting may minimize signs and symptoms of your impairment(s) and help to improve your functioning while you are in it, but your signs, symptoms, and functional limitations may worsen outside this type of setting. Therefore, we will consider your need for a structured setting and the degree of limitation in functioning you have or would have outside the structured setting. Even if you are able to function adequately in the structured or supportive setting, we must consider how you function in other settings and whether you would continue to function at an adequate level without the structured or supportive setting.

20 C.F.R. § 924a(b)(5)(iv)(B), (C). Thus, the "Commissioner's regulations require the ALJ to consider the effects of a structured or highly supportive setting … on the claimant's functioning and, if the claimant's symptoms or signs are controlled or reduced by the structured environment, the ALJ is required to consider the claimant's functioning outside of the highly structured setting." *Hudson ex rel. S.G. v. Astrue*, Civ. No. 6-1342,

5

2009 WL 1212114, at * 7 (N.D. N.Y. Apr. 30, 2009), *quoting, Smith v. Massanari*, Civ. No. 00-0402, 2002 WL 34242375, at * 6 (W.D. N.Y. Mar, 17, 2002).

    A review of the record indicates that the claimant's school setting was highly structured. The I.E.P. provides for: extended time on assessments, the reading of test questions, small group testing, and a location with minimal distractions. (R. 251) For aid with his speech, the I.E.P. entitles the claimant to small group instruction in the special education classroom with multi-sensory cuing and feedback. (R. 257) It also gives the claimant modifications across all environments in terms of: the breaking down of assignments into smaller chunks; the pairing of visuals and auditory cues when necessary; peer modeling to assist in organization; and transition warnings. (R. 257) During the hearing, Weaver testified that the I.E.P. gives the claimant an extended schoolyear. (R. 54-55) She clarified that teachers adjust homework depending upon whether the claimant is feeling overloaded or suffering from a "meltdown." (R. 62) Still, the claimant is approximately two years behind on some subject matter despite making some progress after beginning the medication regime. (R. 70-71)

    The Commissioner urges that the ALJ satisfied this duty. *See* ECF Docket No. 14, p. 8-9. I disagree. The ALJ's cursory reference to having considered "any other relevant evidence in the case record, including how the claimant functions over time and in all settings (i.e., at home, at school, and in the community)" is inadequate. The ALJ repeatedly references the claimant's improvement in grades, the fact that he has not been required to repeat a grade, and progress with his articulation disorder, as support for her conclusion that the claimant is not disabled. She does so specifically with respect to the claimant's ability to acquire and use information and to attend and

complete tasks. (R. 26-27) Yet the ALJ does not meaningfully address the accommodations which the claimant receives as a result of the I.E.P.

It may be that the claimant is making meaningful progress in school as a result of these accommodations. Yet the law requires the ALJ to consider how the claimant would function outside of this structured setting. There is no analysis of how the claimant would function without the structured setting he receives at school – particularly with respect to the domains of acquiring and using information and attending and completing tasks. The ALJ's failure to do so requires a remand of this action. *See A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 520 (D.N.J. 2016) (remanding because the ALJ "neglected to consider the nature and extent of [the claimant's] structured setting, the limitations in functioning he exhibits despite his placement in a sheltered environment, and how he would function if he did not have these support services."), *K.K. on behalf of K.S. v. Comm'r. of Soc. Sec.*, Civ. No. 17-2309, 2018 WL 1509091, at * 7 (D.N.J. Mar. 27, 2018) (finding that the ALJ's conclusions in the "six-category functional equivalence analysis are thus unsupported by substantial evidence because he failed to consider how K.S. would function outside her structured setting and how her structured setting contributed to her improvement.") and *Coleman v. Comm'r. of Soc. Sec.*, Civ. No. 15-6484, 2016 WL 4212102, at * 6 (D.N.J. Aug. 9, 2016) (remanding "[b]ecause the ALJ failed to properly consider the effect that Claimant's structured setting and daily aid had on his functioning").  I do not mean to suggest that the ALJ's ultimate conclusion is erroneous. The claimant may be able to function at an adequate level without the structured support that the I.E.P. gives him. As the record now stands, however, I am unable to make this determination.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE WEAVER o/b/o R.L.F., )
    Plaintiff, )
 )
  -vs- )   Civil Action No. 18-1550
 )
ANDREW M. SAUL, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 24th day of October, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 11) is GRANTED and the Defendant's Motion for Summary Judgment (Docket No. 13) is DENIED. It is further ORDERED that this case be REMANDED for further consideration consistent with the accompanying Opinion.

                                              BY THE COURT:

                                              /s/ Donetta W. Ambrose
                                              Donetta W. Ambrose
                                              United States Senior District Judge